META P. HEDRICK, Defendant in Error, v. S. CLYDE HEDRICK, Plaintiff in Error.

Kansas City Court of Appeals, June 12, 1911.

HUSBAND AND WIFE: Support and Maintenance: Pendente Lite: Allowance to Wife for Children. In a suit by the wife against the husband for support and maintenance as provided by section 8295, R. S. 1909 (section 4327, R. S. 1909), the court on plaintiff's motion ordered defendant to pay $150 for the support *pendente lite* of the children per month, and $150 for attorney's fees. Defendant sued out a writ of error contending that no judgment should have been rendered for support and maintenance of plaintiff pending litigation, because as the wife had $1000 of her own money at the time the order was made, she had sufficient means of her own. Plaintiff's petition nowhere alleged that defendant had abandoned his children and refused or failed to support or maintain them, and there was no order, judgment or decree placing them in the custody of the plaintiff. *Held*, that, although had the allowance of $150 per month been made to the plaintiff, it would not have been excessive, yet since it was for the benefit of the two children, the action of the court was not proper, because, until the court in some way obtained jurisdiction over the children, it had no authority whatever to make said allowance.

Error to Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*Wofford & Kimbrell* and *W. W. Colvin* for plaintiff in error.

(1) The motion, upon which the hearing was had, asked for alimony for the wife, and the order of the court was for support for the children. The judgment

was, therefore, erroneous. (2) It being shown by the testimony that plaintiff had in her possession and at her command ample means, out of money given her by her husband, for the support of herself and the children and for the purposes of litigation, the judgment for attorney's fees and for the support of the children was improper. R. S. 1909, sec. 8295; Pennigroth v. Pennigroth, 94 Mo. App. 438; Lambert v. Lambert, 109 Mo. App. 19; Stark v. Stark, 115 Mo. App. 436. (3) The amount allowed by the court as attorney's fees and the amount allowed for the monthly support of the children was, under the testimony introduced, unreasonable and excessive. McGrady v. McGrady, 48 Mo. App. 668; Youngs v. Youngs, 78 Mo. App. 225; Blair v. Blair, 131 Mo. App. 578. (4) The testimony not only discloses that there should have been rendered no judgment for attorney's fees and for the support of the children, but further shows that the action for separate support and maintenance can not be maintained for the reason that there was no abandonment and no refusal or neglect to support. R. S. 1909, sec. 8295.

L. A. *Laughlin* for defendant in error.

BROADDUS, P. J.—This is a suit by the wife against the husband for support and maintenance as provided by section 4327, Revised Statutes 1899.

The plaintiff and defendant were married August 22, 1898. Plaintiff alleges in her petition that, in April, 1909, defendant without just cause, abandoned plaintiff and has since failed and refused to contribute to her support; that there were two children born of the marriage, a girl seven years of age, and a boy of two years of age; and that defendant has an income of $5000 a year. Plaintiff prays that defendant be ordered to pay her a reasonable sum each month for her support and maintenance during the pendency of the

suit, and such further sum as will enable her to carry on the action, and that on final hearing defendant may be decreed to pay the sum of $250 monthly for her support and maintenance.

The answer of defendant admits the marriage and the birth of the two children, but denies all the other allegations of the petition. After answer was filed the plaintiff filed a motion for an allowance of $250 a month for temporary allowance, and an allowance of $150 for attorney's fees.

On the hearing of the motion the plaintiff was the only witness who testified. She stated that defendant was an advertising solicitor and goes from city to city; his plan is to buy space in local newspapers and then sell it to advertisers; that while they lived in San Francisco in four month's time defendant made $9000, and that while they were living together in Seattle she discovered her husband flirting with a woman in a restaurant. After this he persuaded her to go to her home in Saginaw, Michigan, which created a disagreement between them. The two corresponded regularly and defendant promised that he would come and live with plaintiff.

After he sent his wife home, defendant traveled around with another woman. He sent money, at the rate of $300 a month to his wife from January, 1908, up to April, 1909, when they separated, at which time they were living in Kansas City. It was while in Kansas City that plaintiff discovered the relations existing between defendant and said woman. At this time defendant told plaintiff to go, and she returned to her parents' home in Saginaw, Michigan, since which he has not contributed anything to her and the childrens' support.

After plaintiff had left Kansas City, defendant was arrested and fined for living in adultery with said woman. After plaintiff returned to Saginaw, she gave up the house she had occupied and for which she paid

thirty dollars a month as rent, and went to live with her parents. Because she lived with her parents and at their expense, plaintiff was enabled to save from the payments previously made to her by defendant, $1000.

On the hearing of the motion the court ordered defendant to pay the sum of $150 for the support of the children per month, beginning October 23, 1909, and the further sum of $150 as attorney's fees to be paid on or before November 10, 1909. On December 10, 1909, an appeal was taken and allowed, which defendant dismissed on October 13, 1910. Within one year thereafter a writ of error was sued out and the cause brought for hearing therein to this court.

It is contended by plaintiff in error that under the circumstances no judgment should have been rendered for support and maintenance of the plaintiff pending the litigation. It is argued that as the wife had $1000 in money of her own at the time the order was made, she had sufficient means of her own for the purpose. The statute in question reads: "When the husband, without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance," etc. The section applies to such support and maintenance as the court may adjudge upon the final hearing of the case. Independently, however, at common law, the wife in this proceeding would be entitled to an allowance *pendente lite* if she had not sufficient means for her support, and also a reasonable allowance to pay attorney's fees. [Long v. Long, 78 Mo. App. 32.]

It is said where it is shown that the wife had sufficient means of her own to support herself comfortably during the pendency of a divorce suit, such temporary allowance should not be made. [Lambert v. Lambert, 109 Mo. App. 19; Stark v. Stark, 115 Mo. App. 436.] In the first of those cases it was shown that the wife had a large independent income in her own right. The

court held that temporary allowances were improper. In the latter case the wife had some separate means at her disposal, but not enough for the purpose, and the court holds that the allowance was properly made, but that it was excessive, and reduced the amount. And the court further held: "that the right of the wife to alimony *pendente lite* is no longer considered and accepted as a matter of course and treated as one of her absolute rights." And this is a correct declaration of the law according to modern decisions. All the authorities, however, are agreed that the amount which should be allowed in a given case is a matter of discretion lodged in the trial court, and unless that discretion is abused the order will not be disturbed. [Long v. Long, supra.]

We believe that if the allowance of $150 per month had been made to the plaintiff for her support it would not have been excessive owing to the fact that the defendant before he abandoned her considered double that sum necessary for her support. But as the allowance was made for the benefit of the two children we think the action of the court was not proper. It is nowhere alleged in the petition that the defendant had abandoned his children and refused or failed to support and maintain them, and there is no order, judgment or decree, placing them in the custody of the plaintiff. Until the court in some way obtained jurisdiction over the children it had no authority whatever to make said allowance.

The cause is reversed as to the allowance made to the wife for the children and remanded. All concur.