BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1915.

JOSEPHINE I. SMITH, Appellant, v. LAWRENCE
E. SMITH, Respondent.

Kansas City Court of Appeals, June 14, 1915.

1. DIVORCE: Adultery: Evidence. Evidence as to adultery ex-
amined and found sufficient to sustain a decree of divorce.

2. ALIMONY: Acceptance of Part: Appeal: Estoppel. A party
who accepts parts of the provisions of a judgment in his favor
is estopped from appealing from such judgment. Such person
cannot separate the part favorable from that unfavorable. As
in an action for divorce and alimony the wife cannot accept
payments of instalments of alimony and at same time prosecute
an appeal for a larger sum.

3. ————: ————: ————: Drafting Decree: Check. The fact
that a wife's attorney drafts the decree, including alimony in
pencil for the court and clerk, does not show an acceptance
of the alimony so as to cut out her right of appeal. Nor will
a check from the husband for an instalment of the alimony
which is subsequently returned, have that effect.

Appeal from Jackson Circuit Court.—*Hon. Thomas
J. Seehorn,* Judge.

AFFIRMED IN PART. REVERSED AND REMANDED IN PART.

(99)

*Cook & Gossett* and *L. C. Boyle* for appellant.

*Haff, Meservey, German & Michaels* for respondent.

ELLISON, P. J.—Plaintiff's action is for a divorce from her husband. She obtained a decree in the trial court including alimony. No complaint is made of the decree for divorce, but each party was dissatisfied with the alimony and the appeal of each is based on that ground.

It appeared at the trial that plaintiff owns the house in which the parties resided on which there was a mortgage of $2500; and that there were three children. That part of the judgment relating to alimony included an allowance to plaintiff to cover her expense in prosecuting the action, including this appeal and attorneys fees, amounting to $512.50. The household effects were given to her. It appeared that there was a check payable to both parties for $1550, the proceeds of a policy of insurance on his life, in her favor and this was ordered to be paid on the mortgage on the house, and though the order was that the check was to be paid to her and she make the payment on the mortgage, he had her endorse the check and he paid it. Then, coming to the alimony proper, the judgment was that she should receive $1800 a year, payable in monthly instalments of $150, which was to include her care and support of the three children, except medical attention and education. The defendant was to have the right to select the clothing, and if he did, he paid for it, but if she selected it, the price came out of her allowance.

Defendant insists that plaintiff has estopped herself from prosecuting the appeal on her part for the reason, as he claims, that she consented to the judgment and accepted its provisions. A great many authorities are cited by him supporting the proposition that one cannot accept the proceeds of a judgment and

Smith v. Smith.

at the same time refuse to abide by it. Among those collected by counsel is Waddingham v. Waddingham, 27 Mo. App. 596, which may be accepted as a type of the others.

But we do not think the record discloses any facts sustaining defendant's claim. Much of the claim is based on the fact that plaintiff's attorney wrote down with pencil, in formal shape, the decree made by the court. If he had done that without change or suggestion, it would not have constituted an acceptance of the decree and have barred plaintiff's right to prosecute an appeal. Plaintiff, while this was being done, may, consistently, have intended to appeal. She had a vital interest in the decree, contingent on its being affirmed. Although intending to appeal, it was prudent and right that her counsel should see that it was in legal form and contained all in her favor which the court directed; for, if affirmed, it would be, perhaps, her sole dependence in life. But the record shows that the form drawn was not the sole production of plaintiff's counsel. The affidavit of defendant's counsel shows that he and the court took active part in its preparation. "The Court," affiant says, "himself made several changes in the draft, especially with respect to the provision that the alimony should be for the life of plaintiff." Thus striking out this vital matter which plaintiff was, and is, constantly insisting upon.

As another evidence that plaintiff accepted the decree, it is said that it read that the sum of $1550 insurance money on a policy on defendant's life payable to her, should be paid "forthwith" on the mortgage against the home, securing a note signed by defendant as well as plaintiff, and that it was so paid. But, as we have stated, it was paid by defendant himself, without plaintiff's presence, when the decree directed that she should receive the money and make the payment.

Again, it is claimed that defendant promptly sent by mail a check to plaintiff for $150 as first instalment

of alimony.    This was done after plaintiff's motion
for new trial was filed and it was not used by plaintiff,
but tendered back to the defendant and accepted by
him.

It appears that plaintiff owned a share of stock in
one of the business corporations in which defendant
was interested.   It came up in course of the trial, and
by agreement between them she sold it to defendant
for $500.   We think this incident has no weight on the
question whether she accepted the decree.

There is no necessity to treat further of defend-
ant's point that plaintiff's appeal should be dismissed,
for, as we have already stated, there is no sufficient
basis of fact to support it.   And, besides, the affidavit
embodying the different suggestions in support of the
point, itself discloses that plaintiff's action did not cut
her off from a right of appeal.   It is there stated by
the affiant that neither of plaintiff's counsel said ''in
so many words that no appeal would be taken,'' yet
he got ''an indelible impression'' that none would be.
And that he told defendant that ''he felt confident
. . . no appeal would be taken.''   Praiseworthy
zeal on the part of faithful counsel in behalf of his
client, may easily cause impressions and confidence as
to the intentions of the opposing party; but they
should not be allowed such effect as to take from such
party an important privilege upon which depends the
right to remain in court.   Plaintiff filed her motion for
new trial next day after the judgment was entered
and nothing shown in the record has impressed us that
she ever abandoned, or intended to forego her right to
appeal.

The merits of the controversy so far as concerns
plaintiff's right to a divorce are not debatable.   His
adulterous conduct was shameless, gross and coarse.
Among other things he registered a woman at a hotel in
his wife's name.   But it is difficult, as it nearly always
is, to fix upon a proper sum for alimony and to deter-

mine its mode of payment. At the time of the trial she was forty-two and he forty-five years old. They had been married eighteen years and eight children were born, but five of these died in infancy. The three now alive are boys, aged three, twelve and seventeen years. Defendant is doing a prospering business. The total value of his property, from plaintiff's estimate on the evidence, is $75,000. Defendant's is not to exceed $60,000. Whichever is right, it is clear that his income is exceedingly large on that valuation, it being plaintiff's estimate that it amounts to $20,000 a year, while defendant's puts it at a less amount. That it is a large annual sum is made certain by the examination of the books of his principal business by experts, whose report is in the record.

In our opinion the amount allowed plaintiff, including the care, shelter and board of the three children was too small. The general face of the argument of defendant shows that he thinks plaintiff's rights are confined to a sum sufficient to supply daily necessities; that is to say, a sum sufficient to provide the ordinary comforts and necessities of life. This is not always the correct view. Sometimes the financial situation and prospect of the husband will not permit anything more than that; and sometimes not even that, unless aided by the effort of the wife. In Viertel v. Viertel, 212 Mo. 562, the wife was allowed $11,000 in gross out of an estate estimated at $30,000 or $35,000. And in Gercke v. Gercke, 100 Mo. 237, the husband's estate of $12,000 was divided and $6000 given as a gross sum to the wife. We do not see anything in the special circumstances of Lemp v. Lemp, 249 Mo. 295, which conflicts with these cases. In this case, on a basis of six per cent, the trial court has allowed plaintiff an annual sum which would require $30,000 to produce. But it may be said that, unlike a sum in gross, she has no title to that sum and only gets its use for the time the alimony may continue; and that brings up a serious ob-

jection we have to the allowance as it has been made. It appears that no time is named for its continuance and its payment is not secured. The statute requires that "in lieu of the lien of such decree for alimony from year to year, it is hereby provided that the party against whom such decree may be rendered shall be required to give security ample and sufficient for such alimony." [Sec. 2376, R. S. 1909. See, also, Sec. 2375.] Nearly all of defendant's property is personalty. The lien of a judgment is therefore frail support. It is probable the fact that the oldest boy will be of age in a few years and that the others will follow, influenced the court in not fixing a time. But we think that her allowance is small enough not to be influenced by that consideration. We also are of the opinion it would be more appropriate to allow plaintiff herself to exercise a sound judgment as to the selection of clothing for the children while they remain with her.

It is a part of defendant's objection to the decree that it allows suit money against him as compensation for her attorneys. The objection is based on the ground that plaintiff had separate property of her own. It has been several times decided that such allowance is within the discretion of the trial court; but that such discretion should not be exercised in favor of the allowance where the wife has ample means of her own to defray the expense of the case. [Penningroth v. Penningroth, 71 Mo. App. 441; Lambert v. Lambert, 109 Mo. App. 19; Stark v. Stark, 115 Mo. App. 436; Rutledge v. Rutledge, 177 Mo. App. 469.] In view of the fact that plaintiff is the injured party; that it is defendant's scandalous conduct that drove her to the necessity of employing lawyers to prosecute this action, we do not think it was an abuse of the court's discretion to allow her suit money.

But, however that may be, defendant is in no position to complain. He took no exception to the action of the court, nor did he file a motion for new trial, either

on that ground or any other. A judgment for such alimony, if relief is to be asked, requires a motion for new trial, and if an appeal is taken the procedure is as in ordinary cases. [State ex rel. v. Seddon, 93 Mo. 520, 524; Libbe v. Libbe, 166 Mo. App. 240.] If a writ of error is desired it must be applied for within sixty days (Sec. 2380, R. S. 1909) from the time the motion for new trial is overruled. [Scott v. Scott, 44 Mo. App. 600; S. C., 104 Mo. 420.]

Defendant has presented what he designates an appeal, but it is based upon what is termed a motion to modify the judgment. The finding and judgment was rendered on the 6th of November and plaintiff filed her motion for new trial the next day. On the evening of that day court adjourned for the term. At the next term, before plaintiff's motion was acted on, defendant filed the motion to modify the decree. The motion was too late. It should have been filed within four days of the finding, if the term continued that long, and if not, within the term. But if the motion had been in time it would have been of no avail, since defendant did not complain of suit money for attorney's fees. The sole ground alleged in the motion was that "the monthly allowance to plaintiff is too burdensome, and he prays the court to reduce the sum of $100 per month."

The judgment is in all respects affirmed except that part of it concerning the yearly allowance of alimony and the clothing of the children. As to that the judgment will be reversed and the cause remanded with directions to the circuit court to make a suitable yearly allowance for the life of plaintiff for a sum per year payable monthly, or in lieu thereof a suitable allowance of alimony in gross. In either case the defendant to be required to give sufficient security for the payment of the alimony allowed pursuant to sections 2375, 2376, Revised Statutes 1909. All concur.