OLA KLEPPER, Respondent, v. HARRY I. KLEP-
PER, Appellant.

St. Louis Court of Appeals. Submitted on Briefs November 4,
1915. Opinion Filed November 23, 1915.

1. MAINTENANCE: Sufficiency of Evidence. In an action by
a wife for maintenance, under Sec. 8295, R. S. 1909, evidence
.held sufficient to establish that .defendant deserted plaintiff
without good cause and to warrant a judgment for plaintiff.

2. ———: Nature of Action. A suit by a wife against her hus-
band for maintenance is in the nature of an equitable action.

3. ———: Allowances Pendente Lite. In an action by a wife
for maintenance, under Sec. 8295, R. S. 1909, the court has
jurisdiction to allow the wife suit money and attorney's fees
*pendente lite*, to be paid by the husband.

4. ———: ———: Allowance Pending Appeal. In an action by a
wife for maintenance, under Sec. 8295, R. S. 1909, the cir-
cuit court has jurisdiction to make the wife an allowance for
maintenance and attorney's fees, to be paid by the husband,
pending an appeal by the husband from a judgment in favor
of the wife.

5. ———: ———: ———: Excessiveness of Allowance. In an
action by a wife for maintenance, under Sec. 8295, R. S. 1909,
where there was evidence that the husband owned property
worth in excess of $200,000 and had an annual income of $10,-
000 to $12,000, *held* that an allowance to the wife of $225 per
month and $250 suit money, and, upon the husband's appealing,
an allowance, pending the appeal, of $225 per month, and $250
for expenses in the appellate court, were justified by the evi-
dence.

6. EVIDENCE: Admissions: Depositions. The deposition of a
husband, taken in an action by him for divorce, was admissi-
ble against him as an admission concerning his financial condi-
tion, in a subsequent suit by the wife for maintenance, al-
though the deposition related to his financial condition at a
time prior to that at which the suit for maintenance was
heard, as a condition once shown to exist is presumed to con-
tinue until the contrary is shown, especially as the husband,
though present in court, did not testify as to any change of
conditions.

7. ———: Presumptions: Continuance of Statu Quo. A con-
dition once shown to exist is presumed to continue, until the
contrary is shown.

8. **MAINTENANCE: Allowance for Attorney's Fee: Evidence.**
The court may award the wife an allowance for attorney's fees, in an action for maintenance, although there is no evidence as to the value of the services of her attorney, since the court, as a lawyer, is competent to determine such value without the aid of expert testimony, which is merely advisory.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*Bass & Bass* for appellant.

(1) This action is predicated upon section 8295, R. S. 1909. An allowance for suit money *pendente lite* in an action by the wife for maintenance is not allowable. Dorrance v. Dorrance, 257 Mo. 317. (a) The evidence in support of the motion for alimony pending the case in the circuit court and for suit money did not make out a prima-facie case, show necessity or good faith. Courts have relaxed the strict rule pertaining to alimony *pendente lite* as applied under the statute in divorce cases and under the maintenance statute. An allowance of alimony *pendente lite* and suit money is not an absolute or vested right, or a matter of course. Stark v. Stark, 115 Mo. App. 436; Hedrick v. Hedrick, 157 Mo. App. 633. Evidence in support of the motion for alimony *pendente lite* and suit money showing the payment of one hundred dolars a month to the respondent continuously without intermission from the date of the separation of appellant and respondent, the pendency of a divorce case and the absence of evidence to show that respondent did not consent to the separation, failed to make out a prima-facie case of abandonment and desertion, coupled with a refusal or neglect to contribute to respondent's support, as required under the decisions. Doyle v. Doyle, 26 Mo. 545; Davis v. Davis, 60 Mo. App. 545; Bissell v. Bissell, 3 How. Prac. 242; 2 Enc. of Law (2 Ed.), page

101; Solomon v. Solomon, 28 How. Prac. 218; Desbrough v. Desbrough, 29 Hun, 592. (b) There was no evidence heard or submitted to show what amount of money would be necessary "to defray the expenses of the suit and to pay respondent's attorneys for their services." In the absence of such testimony the court was without authority to make an order and an allowance for suit money. Cash v. Cash, 180 Ill. App. 31; Hosto v. Hosto, 183 Ill. App. 463; Hunter v. Hunter, 121 Ill. App. 380. (2) (a) Appellant's motion made at the conclusion of the respondent's case to dismiss the action should have been sustained. A suit under section 8295, R. S. 1909, is in the nature of an equitable proceeding, and the findings of the lower court are not binding upon the appellate court, a principle especially applicable in this case, there being no conflict of evidence. Davis v. Davis, 60 Mo. App. 545; Droege v. Droege, 52 Mo. App. 84; Kindorf v. Kindorf, 178 Mo. App. 635; Behrle v. Behrle, 120 Mo. App. 677; Wyrick v. Wyrick, 162 Mo. App. 723. To constitute a right and ground for a cause of action under section 8295, R. S. 1909, there must be an abandonment and a refusal or neglect to maintain the wife. These elements are placed in the statute in the conjunctive. Droege v. Droege, 52 Mo. App. 84; Young v. Young, 78 Mo. App. 225; Polster v. Polster, 145 Mo. App. 606. The payment of one hundred dollars a month continuously, without interruption, from the date of the separation to the day of trial to the respondent by the appellant negatives the allegations of the petition that appellee had failed and refused to contribute to the support of the respondent, and the failure to establish this essential element leaves the respondent without a cause of action under the section upon which the action is bottomed. (c) The separation of a husband from his wife during the pendency of a suit for divorce does not constitute an abandonment within the meaning of

the statute. Doyle v. Doyle, 26 Mo. 545. Abandonment and desertion are equivalent terms: Desertion is evidenced by cessation of cohabitation; the intention in the mind of the deserter not to resume cohabitation, and the absence of the other party's consent to the separation or conduct acquiescing in the same. Davis v. Davis, 60 Mo. App. 545; Young v. Young, 78 Mo. App. 225. (3) (a) There should have been no allowance made respondent for alimony pending appeal for the reasons given and the authorities cited under point 2. (b) There should have been no allowance for suit money pending the appeal to the St. Louis Court of Appeals, because there was no allegation in respondent's motion for the allowance that the sum of $250 originally allowed as suit money was inadequate and because there was no evidence before the court upon which to predicate an allowance for suit money, attorneys' fees and expenses of printing briefs, etc., as prayed for in the motion. Motley v. Motley, 93 Mo. App. 473, 481; Cash v. Cash, 180 Ill. App. 31; Hosto v. Hosto, 183 Ill. App. 463; Hunter v. Hunter, 121 Ill. App. 380. (4) (a) The evidence permitted by the court to be given by the respondent of things she had learnt from statements made to her by the appellant, her husband, were privileged communications and should not have been allowed over the objections of appellant. (b) It was error to allow respondent to read as evidence against him the statements of appellant in a deposition taken in another suit and at some time prior to the trial of the issues herein when he was present in court and could have been called. Black v. Epstein, 221 Mo. 286.

*R. P. & C. B. Williams* for respondent.

(1) The question in this case is, can the husband, worth admittedly $150,000, and having an income

of $10,000 to $12,000 per year, desert his wife without cause and allow her $100 per month for her support, and insist that she shall live upon it? It is not for the husband to say how much he will allow his wife, but the court determines this question by considering her necessities, their station in life and the ability of her husband, and in this case the amount awarded is small enough. Viertel v. Viertel, 212 Mo. 562; Robinson v. Robinson, 137 Mo. App. 93; Libbie v. Libbie, 166 Mo. App. 204; McGrady v. McGrady, 48 Mo. App. 668; Colin v. Colin, 144 N. W. 1005; McKay v. McKay, 91 Atl. 316. (2) Maintenance *pendente lite* may be allowed under the maintenance statute. Behrle v. Behrle, 120 Mo. App. 677; Long v. Long, 78 Mo. App. 32; Hedrick v. Hedrick, 157 Mo. App. 636; Wyrick v. Wyrick, 162 Mo. App. 723; Kingsman v. Kingsman, 150 Ill. App. 466; Farrell v. Farrell, 149 Ill. App. 849; Henyen v. Henyen, 182 Ill. App. 26; Dorrance v. Dorrance, 257 Mo. 317. (3) Evidence by admissions of defendant in his deposition taken in October, 1914, as to his financial worth at that time was admissible, and sufficient to show defendant's financial worth at the time of trial, under the doctrine that a state of things once shown to exist will be presumed to continue until the contrary is shown, and this applies to ownership of property and financial worth. First National Bank v. Guardian Trust Co., 187 Mo. 525; Fairbanks v. Coulson, 151 Mo. App. 260; Janssen v. Stone, 60 Mo. App. 402; Lawson on Presumptive Evidence, page 221; Mullen v. Pryor, 12 Mo. 307; Hasking v. St. Louis, 58 Mo. 302; 9 Ency. Evidence, p. 914. (4) Admissions contained in defendant's deposition were admissible to show his financial worth, even though defendant was present in court and might have been called as a witness. Southern Bank v. Nichols, 202 Mo. 309; Wilson v. Salisbury, 167 Mo. App. 191. (5) The judge may decide himself, without evidence, what is a reason-

able allowance for suit money. McClaskey v. McClaskey, 68 Mo. App. 199; Robertson v. Robertson, 137 Mo. App. 93.

REYNOLDS, P. J.—Suit by wife against the husband, brought under the provisions of section 8295, Revised Statutes 1909, the petition praying that defendant be ordered to pay plaintiff a reasonable sum each month for her support and maintenance during the pendency of the suit and a reasonable sum for attorney's fees and suit money, to enable her to carry on this action, and that at the final hearing she may be decreed a reasonable sum for her support and maintenance, together with the costs and expenses of the action, and for such other and further relief as may seem meet and equitable. Defendant filed a general denial. Pending final hearing on this, plaintiff moved for the allowance of alimony for her support and suit money and attorney's fees for the prosecution of her suit, pending the suit. This motion was sustained, the court allowing $100 a month during the pendency of the suit and $350 as suit money.

The cause coming on for final hearing, testimony was introduced on part of plaintiff, respondent here. Without setting out this in detail, it is sufficient to say that it satisfies us that there was evidence tending to show that the husband had deserted his wife and abandoned their home, and so far as the evidence shows, without any justifiable cause for so doing; that the wife was without fault, a woman of good character, who had conducted herself as a loving and affectionate wife during the time of the marriage. It also appeared that after abandoning his home, the defendant, appellant here, had voluntarily paid his wife $100 a month and appears to have been paying her that amount down to the time of the institution of this suit. The evidence as to the means and financial standing of the husband consisted in part of the testimony of the wife

that from her knowledge of the business of her husband and of his affairs and property, she had some knowledge of the property which he owned. Objection was interposed to the wife testifying to what her husband had told her about the property he had in the city of St. Louis, on the ground that it was privileged communications between husband and wife. The objection was overruled, plaintiff excepting. Without the above question being answered, plaintiff was then asked if she was more or less acquainted with the business of her husband and of the property he owned. She answered that she was, and that she knew that he (her husband), or, more accurately, a corporation in which he was interested, owned a garage on Garrison and Locust in St. Louis. She also states that he owned lots in Washington Heights on Delmar avenue in St. Louis. She further testified that she had no means of her own, and that when she and her husband, with two of her children by a former marriage, were living together that their household expenses amounted not to exceeding $160 a month.

The principal testimony as to the financial condition of the husband, however, was read from a deposition of the husband taken in a suit for divorce which he had brought against his wife, but which had been dismissed by the husband before it came to trial, and before the trial of this case. Prior to offering this testimony from the deposition, the court asked counsel for defendant, if he desired to place defendant, who was present in court, on the stand. His counsel answered that they did not, whereupon counsel for plaintiff stated that he wished to prove by this deposition the admission of defendant that he was worth $150,000. To this the court said that that counsel was within their right and that he thought that, in fairness to the court, and in order that the court might be fully apprised, counsel should let defendant take the stand and

inform the court. To this counsel for defendant answered that he did not mean to be unfair to opposite counsel but that under these motions in the maintenance suit a different rule prevails than in a divorce suit and that if counsel for plaintiff wanted to call defendant he could call him as his witness as he was a man who would tell the truth. Whereupon the court ruled that plaintiff could read the depositions as an admission. This was objected to for the reason that it was incompetent, irrelevant and immaterial and that the counsel for defendant had had no opportunity to object to the questions put in that deposition, as he would have had had it been put in this case; that it was a different case altogether. Asked if he (counsel) was not present when these depositions were taken, counsel for defendant answered that he was but that the case was different. Whereupon counsel for plaintiff read from the deposition of the defendant, taken in the divorce case above referred to, the court announcing that the whole deposition of the defendant would be considered as in evidence. Without setting out in detail the matter so read, it is sufficient to say that an examination of it tends to show that, according to defendant's own admission as to the value of his property and holdings, real and personal, which he then had, that is to say October 29, 1914, when the deposition was taken, his real estate holdings in the city of St. Louis, the title to which, however, was in the corporation in which defendant owned a half interest, was of the value of something over $25,000. Property outside of the city which he owned was valued at about $7500. The equity in other property, which was in the name of a corporation in which defendant owned ninety-eight per cent. of the stock, was valued by the defendant at $100,000. Defendant further admitted holding mortgages or deeds of trust to the amount of about $66,000, and five shares of stock in a trust com-

pany valued at $1000, and personal property of the value of $4000. According to this he was worth over $200,000. During the course of the trial counsel for respondent stated that they claimed that defendant's income was from ten to twelve thousand dollars a year. The court asked if there was any question as to the income of the defendant being above $10,000. His counsel said that there ''was some question as to that.'' It is claimed by the counsel for respondent in their brief that appellant is worth at least $175,000.

As before stated the appellant here, while present, did not take the stand at the hearing of this present action and introduced no testimony. At its conclusion the court found for plaintiff, finding that as a matter of fact she had at all times treated her husband properly, kindly and affectionately; that the husband had left the home without reasonable ground, and, as far as the testimony shows, without any ground worthy of mention; that taking into consideration the large income of which defendant is the recipient, and that plaintiff had no means of support other than that which she earned by her own labors, the court found that plaintiff was entitled to a reasonable allowance as a separate maintenance for her support, fixing that amount at $225 a month, commencing on July 1, 1915, and $250 for services in the circuit court, in this final order reducing the allowance for suit money from $350 before then awarded to $250. Judgment went accordingly. From this defendant, saving his exception, and filing a motion for a new trial as well as one in arrest, prayed an appeal to our court. The appeal being allowed, plaintiff, at the same term, filed a motion for an order for maintenance and suit money pending the appeal. The court, at that term, the testimony which had been introduced on a former motion being considered as again before the court, sustained this motion and awarded $225 a month pending the appeal and also al-

lowed suit money for services on the appeal in the amount of $250, this latter to cover costs of printing briefs and expenses for the attorney, further ordering that the payment of this sum of $225 per month for maintenance from the time the cause shall be pending on appeal shall be credited on the final judgment rendered for $225 per month for maintenance and support. Defendant also duly saved exception to this action of the court, and, filing his motion for a new trial and excepting to that being overruled, has appealed the whole case.

As said by Judge NIXON, speaking for the Springfield Court of Appeals in Wyrick v. Wyrick, 162 Mo. App. 723, l. c. 732, 145 S. W. 144, "A suit for maintenance by a wife against her husband is in the nature of an equitable action." We have accordingly treated this—a statutory action—as one in equity. Reading all the testimony in the case, we have concluded that the result arrived at by the learned trial judge is fully sustained by that testimony.

The point is made that suit money or attorneys' fees cannot be allowed *pendente lite* in an action of this kind.

In Dorrance v. Dorrance, 257 Mo. 317, 165 S. W. 783, our Supreme Court has said (l. c. 329), referring to this section 8295, Revised Statutes 1899, that it does not specifically authorize an allowance of attorney's fees for prosecuting a suit for maintenance, but that "our Courts of Appeals have uniformly approved such allowances," citing Behrle v. Behrle, 120 Mo. App. 677, l. c. 682, 97 S. W. 1005; Hedrick v. Hedrick, 157 Mo. App. 633, l. c. 636, 138 S. W. 678, and Wyrick v. Wyrick, supra. It is further said in Dorrance v. Dorrance and at the same page that it is an ancient rule of the common law that the husband was liable to a third party for necessaries furnished to his wife when such husband has neglected to supply her with reason-

able support, and that when the husband, without good cause, deserts his wife and fails to furnish her with such support as his means will warrant, the services of an attorney to compel such defaulting husband by suit to furnish the maintenance contemplated by section 8295 of our statute becomes an immediate necessity of the wife, and where he, the husband, has, by his conduct, made it necessary for a wife to appeal to the law and resort to this section for relief, the husband becomes as much liable for her attorney's fees thus incurred as he would for necessary food, clothing, etc.. purchased by her on his credit. Further along and still discussing this matter, our Supreme Court has said in Dorrance v. Dorrance (1. c. 331), that it approves the rule of the Courts of Appeals that the wife is entitled to suit money when the unlawful conduct of her husband has rendered necessary an action for her separate support. "Such rule (says the court) is eminently just and supported by the promptings of enlightened civilization."

Following this it is said by Judge BROWN, who wrote the opinion in Dorrance v. Dorrance: "By what is here said we do not wish to be understood as referring to an allowance for suit money *pendente lite* in an action by the wife for maintenance. In the action at bar the wife's right to maintenance has been determined upon full trial." The learned counsel for appellant, calling attention to this latter statement, argues that the Supreme Court in this Dorrance case "just as clearly, and in language that cannot be misunderstood, disapproves of an allowance for suit money *pendente lite* in such character of cases." We do not understand Dorrance v. Dorrance to take or even intimate any such proposition. All that is meant, as we understand it, by this saving sentence is, that that question not being then before the court, it will not pass upon it. In the light of what our Supreme Court has said in

Dorrance v. Dorrance, supra, as to the liability of the husband to third parties for necessaries furnished to his wife, and holding that where the wife is compelled to resort to the provisions of section 8295 to secure maintenance, that the husband becomes as much liable for attorney's fees as for any other necessaries, we see no reason to conclude that the husband should not be ordered to pay this *pendente lite.* Then it is that the services are needed, and we know of no rule that compels the attorney to render his services on credit. Moreover, at that time this wife had only been allowed $100 a month for her maintenance, so that she could hardly be expected to pay her attorney out of that. We think it was not only within the power, but reasonable, for the court, pending the action, to allow suit money, and we so rule.

So the Kansas City Court of Appeals held in Hedrick v. Hedrick, supra, l. c. 636, one of the cases distinctly affirmed by the Supreme Court in Dorrance v. Dorrance. In Hedrick v. Hedrick, supra, Judge BROADDUS, speaking for the Kansas City Court of Appeals, says:

"The section applies to such support and maintenance as the court may adjudge upon the final hearing of the case. Independently, however, at common law, the wife, in this proceeding, would be entitled to an allowance, *pendente lite,* if she had not sufficient means for her support, and also a reasonable allowance to pay attorney's fees."

That was the only allowance that was made for suit money in the case at bar until the appeal was applied for. The court thereupon allowed an additional sum of $250 for suit money and allowed $225 a month for maintenance, pending the appeal, providing that this $225 maintenance money be credited on the former allowance of $250 for maintenance.

It is the settled law in our State that in divorce cases, when an appeal is applied for and taken, the circuit court is the proper tribunal to allow for the expense of that appeal and for maintenance pending the appeal. That was done in Berhle v. Berhle, supra, there the plaintiff being allowed the sum of $250 as for her attorney's fee and adjudged to pay the costs of the transcript, filing fee and brief in the Court of Appeals. It is settled law in our courts, that allowance to cover the costs of the appeal and maintenance while the appeal is pending, must be made, in divorce cases, by the trial court, as see Dowling v. Dowling, 181 Mo. App. 675, l. c. 678, 164 S. W. 643, and cases there cited. We see no reason to apply a different rule in actions for maintenance. Such allowance is just as necessary in the one case as in the other. In the Dowling case, the husband, worth $15,000, the allowance was $15 a month for maintenance and $100 for counsel fees in the appellate court. Here the husband was worth at least $150,000. We therefore hold against the contention of the learned counsel for appellant that the allowance of suit money *pendente lite* and of suit money and maintenance pending the appeal to the Court of Appeals was within the power of the court and the amount awarded justified under the facts in the case.

Referring to the assignment of error by learned counsel for appellant that improper testimony of the wife as to conversations between herself and her husband, privileged communications, were improperly admitted, a very careful reading of the record fails to show that this was the fact. In the first place the wife put no definite estimate on the value of any of her husband's property. Again, the reading of that testimony fails to show that her knowledge of the property owned by the husband, of which she does not appear to have had a very full or accurate idea, was derived by her in a conversation between her and her

husband. All that she says about that is that what knowledge she had of her husband's property and holdings was derived by her during the continuance of their married life. Asked if she had not heard her husband say what certain property was worth, objection being made, her answer was excluded.

The objection to reading from the deposition testimony given by appellant in the divorce suit is not tenable.

In Southern Bank of Fulton v. Nichols, 202 Mo. 309, 100 S. W. 613, it is distinctly ruled that a deposition given by a party to the suit where the suit is between the same parties, may be introduced and read in evidence as admissions made in another suit between the same parties.

But it is said by the learned counsel for appellant that this deposition of defendant related to his financial condition at a time prior to that at which this present case was heard. It is a well known rule that a condition once shown to exist is presumed to continue until the contrary is shown. That is too trite a rule to require citation of authority, but see First National Bank of Kansas City v. Guardian Trust Co., 187 Mo. 494, l. c. 525, 86 S. W. 109.

Moreover, defendant here was present in court, heard his deposition, taken in a former case, read; had ample opportunity, if conditions had changed, to take the stand and so testify. He did not see fit to do so and the presumption is that he did not do so because he could not successfully show a change in his financial condition, for the worse, at least. [Baldwin v. Whitcomb et al., 71 Mo. 651, l. c. 658; Conn. Mut. Life Ins. Co. v. Smith, 117 Mo. 261, l. c. 294; 22 S. W. 623.]

Finally, it is urged that there is no evidence as to the value of the professional services of the attorney and that the court had nothing on which to base its

award of $250 for those services. Our courts in Mc-Closkey v. McCloskey, 68 Mo. App. 199, l. c. 202, treating of this very matter of the necessity of testimony as to the value of attorney's fees, has distinctly said that the court is competent, as a lawyer, to judge of the probable amount required for the proper defense of the wife. "Expert testimony is advisory only, and its introduction is useless when the trier of the fact from his individual experience and his knowledge of the particular case is fully capable of passing judgment on the question." This was distinctly affirmed by our Supreme Court in Meily v. St. L. & S. F. R. Co. 215 Mo. 567, l. c. 589, 114 S. W. 1013. The same rule was applied by the Kansas City Court of Appeals in Robertson v. Robertson, 137 Mo. App. 93, 119 S. W. 533.

Our conclusion upon the whole case is that there is no error to the prejudice of appellant and the judgment of the circuit court in the allowance of maintenance and of suit money *pendente lite* and of both again pending the appeal, is correct. That judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.