# OLA E. KLEPPER, Appellant, v. HARRY I KLEP-PER, Respondent.

**St. Louis Court of Appeals. Opinion Filed April 2, 1918.**

1. **HUSBAND AND WIFE:** Separate Maintenance: Security. Section 8295, Revised Statutes 1909, requiring separate maintenance and security therefor, contemplates that the husband shall give such security for the payment of the maintenance allowed the wife as is reasonably necessary to protect her in obtaining the fruits of her judgment.

2. ———: ———: ———. And where the allowance is one payable monthly and the husband's property consists almost wholly of personalty, security for such payments should be required.

3. ———: ———: ———. Under Revised Statutes 1909, section 8295, providing for security for separate maintenance of the wife, the circuit court, at a subsequent term, may require security as to the future payments, although the original decree did not require such security, since the court is empowered to make such further orders as justice may require.

4. **WITNESSES:** Expert Witness' Fees: Allowance by Court. Real estate brokers as expert witnesses are not entitled to demand more than the usual witness fees, and a wife in a suit for separate maintenance could not make a binding contract to pay more than the usual witness fees, but they were entitled to reasonable compensation for such services as examining the property and gathering information and data on which to base their opinions as to its value, and for such expenditures plaintiff was entitled to a reasonable and proper allowance.

   *Held*, by REYNOLDS, P. J., dissenting, that, if the value of the services of the real estate agents, who examined the property at the instance of appellant, had been before the court, the court could not and should not have made an allowance in favor of appellant for these services.

5. **HUSBAND AND WIFE:** Separate Maintenance: Suit Money: Allowance of Expert Witness Fees. Where a wife in a suit for separate maintenance hired real estate brokers to examine property and appraise it, in the absence of showing of the reasonable value of their services, she was not entitled to an allowance for their fees. Reynolds, P. J., dissenting as above.

6. ———: ———: Attorneys' Fees: Allowance. The matter of the allowance of counsel fees to a wife in a suit for separate maintenance is one resting largely in the discretion of the trial court,

Klepper v. Klepper.

and while this discretion is judicial, and subject to review, the appellate court cannot direct a larger allowance unless it appear that such discretion was abused, or that the allowance is so manifestly inadequate as to amount to a denial of plaintiff's right in the premises.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED (*with directions*).

*R. P. & C. B. Williams* for appellant.

(1) The husband, the defendant in this case, should have been required to give security for the maintenance, his property consisting almost entirely of personalty, and, therefore, constituting no security for the judgment. R. S. 1909, sec. 8295; Smith v. Smith,—Mo. App.—, 180 S. W. 568. (2) Where the husband files a petition in a divorce action after final decree, praying for a reduction of the amount allowed as alimony, it is proper for the court to allow the wife a reasonable sum for counsel fees and expenses in defending the application. Smith v. Smith, 151 Mo. App. 649; Smith v. Smith, 164 Mo. App. 439. (3). The allowance of only $50 made in this case for counsel fees was inadequate, considering the questions involved, and the fact that the husband was worth at least $150,-000, and the fact that the wife had no income or separate estate except the $225 per month which was allowed her for maintenance and support, and not to litigate with. Klepper v. Klepper, 193 Mo. App. 146. (4) It was inconsistent for the trial court to allow plaintiff attorney's fees for resisting the motion to reduce the maintenance and refuse to allow plaintiff's other expenses necessarily incurred in defending such application.

*Muench, Walther & Muench* for respondent.

(1) The original decree in this case did not require the giving of security for the installments of

alimony allowed, nor did the petition therein pray for the same. In these circumstances, the burden is upon appellant to show why such a requirement should be imposed now. It can only be done on proof of new facts. Deidesheimer v. Deidesheimer, 74 Mo. App. 234; West v. West, 94 Mo. App. 683, 686; State ex rel. v. Rainey, 134 Mo. App. 722, 725. (2) The amount, if any, to be allowed appellant for counsel fees in defending respondent's motion was entirely within the discretion of the trial court, before which the services were rendered. McCloskey v. McCloskey, 68 Mo. App. 202; Klepper v. Klepper, 193 Mo. App. 60. (3) An agreement allowing any witness, expert or otherwise, extra compensation for testifying in a case is against public policy and void. Burnett v. Freeman, 125 Mo. App. 683; Same case, 134 Mo. App. 709; Approved in State v. Bell, 212 Mo. 126, 127.

ALLEN, J.—At the April Term, 1915, of the circuit court of the city of St. Louis, the plaintiff herein instituted an action against the defendant, her husband, for separate maintenance, which resulted in a judgment awarding her maintenance in the sum of $225 per month. Upon defendant's appeal this court, in November, 1915, affirmed the judgment (see Klepper v. Klepper, 193 Mo. App. 46, 180 S. W. 461). The present proceeding was begun at the October Term, 1916, of the circuit court, by the filing of a motion by plaintiff praying that defendant be compelled to give security for the payment of the maintenance awarded plaintiff by that judgment. In this motion it is averred that defendant is possessed of property of the value of $150,000, consisting of "personalty, such as money, loans evidenced by notes secured by first mortgages on real estate in the city of St. Louis, and stock in different corporations;" that defendant owns no real estate, and could easily dispose of his property and place it beyond the reach of plaintiff's judgment; that plaintiff is apprehensive that defendant will so dis-

pose of his property and deprive her of the benefit of her judgment; and that defendant is without employment and has no regular occupation or fixed place of abode.

At the same term defendant filed a motion to modify the judgment aforesaid, averring that the maintenance allowed plaintiff thereby is excessive and unreasonable in view of defendant's present financial condition, and praying that the amount thereof be reduced to a proper sum, and that "the sum so ascertained may be commuted and subject to discharge at one time."

Thereafter, and at the same term, plaintiff filed a motion for suit money to enable her to conduct her defense against defendant's motion to modify the judgment. These motions were tried together, and the court having heard the evidence adduced overruled plaintiff's motion to require defendant to give security for the payment of the maintenance aforesaid, overruled defendant's motion to modify such judgment, and allowed $50 to plaintiff's counsel for his services in defending against defendant's motion to modify the decree. From the court's ruling on both of plaintiff's said motions, plaintiff has duly perfected her appeal to this court.

The evidence discloses that defendant's property consists of notes secured by deeds of trust amounting to $33,500; cash on deposit in bank $8300; five shares of stock of a trust company said to be worth about $1450; a one-half interest in the stock of a realty company owning certain vacant land in the city of St. Louis, such interest being worth about $2000; one hundred feet of ground in Clayton, Missouri, worth about $3000; five vacant lots in Chicago, Illinois, worth $300; a lot and summer cottage at Alexandria, Minnesota, worth about $2500; an automobile worth about $1000; and practically the entire stock of a corporation owning property at Locust Street and Garrison Avenue in the city of St. Louis, subject to a deed of trust for $50,000, the total value of which property is variously estimated by witnesses at from $75,000 to $100,000. Ac-

cording to the evidence adduced defendant, who is not actively engaged in business, resides at a hotel in the city of St. Louis, but spends at least a part of the summer in Minnesota and during the winter is frequently away on hunting trips.

The evidence showed that there had been no substantial change in the character of defendant's "holdings" since the rendition of the judgment, supra. It appears that at the time of the hearing upon these motions he owned the same property that he owned in 1915, with the exception of immaterial changes in respect to his loans secured by deeds of trust, and the fact that a secured note had been collected in the meantime, defendant having the proceeds in bank.

## I.

It is argued for plaintiff, appellant here, that under the statute, viz., section 8295, it was the duty of the court to compel defendant to give security for the payment of the maintenance previously allowed her by the judgment, under the circumstances shown in evidence. On the other hand it is respondent's contention that since the original judgment did not require the giving of such security, an order requiring this to be done cannot now be made except upon a showing of "some new condition not existing or contemplated at the time of the original hearing."

The statute, section 8295, supra, provides as follows:

"When the husband, without good cause, shall abandon his wife, and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided and paid by the husband for the wife and her children, or any of them, by that marriage, out of his property, and for such time as the nature of the case and the circumstances of the parties shall require, and compel the husband to give se-

curity for such maintenance, and from time to time make such further orders touching the same as shall be just, and enforce such judgment by execution, sequestration of property, or by such other lawful means as are in accordance with the practice of the court.''

It is quite apparent that the statute contemplates that the husband shall be required to give such security for the payment of the maintenance allowed to the wife as may be reasonably necessary to protect the latter in obtaining the fruits of her judgment. And where, as here, the allowance is one payable monthly, and the husband's property consists almost wholly of personalty, security for such payments should be required. In this connection see Smith v. Smith 192 Mo. App. 99, 180 S. W. 568. It cannot be doubted, we think, that the court ought to have sustained plaintiff's motion to require such security to be given, provided the court had the power to do so at a subsequent term upon the showing made. As to this the cases cited by respondent, viz. (Deidesheimer v. Deidesheimer, 74 Mo. App. 234; West v. West, 94 App. 683, 68 S. W. 753; State ex rel. v. Ramey, 134 Mo. App. 722, 115 S. W, 458) did not arise under the statute here involved. In Burnside v. Wand, 77 Mo. App. 382, this court held that where the wife had obtained a judgment for alimony, without any provision as to the giving of security for the payment thereof, the circuit court, under the statutes relating to divorce and alimony, had the power, at a subsequent term, to require the husband to give such security, though no "new conditions" were shown. The language of the maintenance statute, supra, touching the power of the court to make orders in the case subsequent to the rendition of the judgment and after the lapse of the term, differs from that of the corresponding section relating to alimony, and is such, we think, as to dispel any doubt as to the power of the court to make an order such as that here sought by plaintiff. The

Klepper v. Klepper.

language is that the circuit court "shall order and adjudge such support and maintenance—and compel the husband to give security for such maintenance, *and from time to time make such further orders touching the same as shall be just.*" (Italics ours.) The statute does not in terms provide for an alteration or modification of the original decree, but empowers the court to make such "further orders" as justice may require. We think that it would be an unrea-reasonable and unwarranted construction thereof to hold that where the decree did not provide for the giving of security the court is powerless to make such an order, though reasonably necessary for the wife's protection, except upon a showing that conditions have changed since the entry of such decree.

We therefore conclude that the trial court was not justified in refusing to compel the defendant to give security for the payment of the monthly installments allowed plaintiff for her support and maintenance, which became due and payable *in futuro.*

## II.

Plaintiff complains of the court's ruling on her motion for suit money to enable her to make her defense to defendant's motion to modify the judgment. Plaintiff called as witnesses two real estate brokers who, at plaintiff's instance, had examined the property at Locust street and Garrison avenue above mentioned, and who testified as experts concerning the value thereof. It appears that for their services in making such examination and for testifying plaintiff, through her counsel, had agreed to pay each of them the sum of $50; and there was testimony that this was the reasonable value thereof. It is contended that the court should have made an allowance to cover this expense and ought to have allowed a larger amount as counsel fees.

These expert witnesses were not entitled to demand more than the usual witness fees for giving

their testimony in the case as witnesses merely; and plaintiff could not make a binding contract to pay them more than the usual witness fees for services as witnesses (Burnett v. Freeman, 125 Mo. App. 683, 103 S. W. 121; State v. Bell, 212 Mo. 111, l. c. 126, et seq.). But they were entitled to demand reasonable compensation for services which the law does not compel them to render as witnesses for the usual witnesses fees, such as examining the property and gathering information and data on which to base their opinions as to its value (Burnett v. Freeman, supra; State v. Bell, supra). And for expenditures of this character, if reasonably necessary to be incurred and actually incurred in preparing her defense to defendant's motion, plaintiff was entitled to a reasonable and proper allowance. There is nothing in the record, however, tending to show the reasonable value of services of this particular character. And under the circumstances we could not well hold that the trial court committed error, or abused its discretion, in refusing to allow anything for expenses of this nature.

While the allowance for counsel fees appears to be small, we are of the opinion that we cannot properly interfere therewith. The matter is one resting largely in the discretion of the trial court. While this discretion is judicial, and subject to review, we cannot direct a larger allowance unless it appears that such discretion was abused, or that the allowance is so manifestly inadequate as to amount to a denial of plaintiff's right in the premises. No showing was made as to any services rendered by plaintiff's counsel other than those which came under the court's observation in the course of the trial of these motions. And in view of this, and the fact that the motions were tried together, we cannot with propriety hold that the allowance made on plaintiff's motion for suit money to enable her to defend against defendant's counter motion is so meagre as to warrant our interference.

The court's ruling on plaintiff's motion for suit money is therefore affirmed. As to plaintiff's motion to require defendant to give security, the judgment is reversed and the cause remanded with directions to the circuit court to require defendant to give sufficient security for the payment of the installments of maintenance to become payable in the future. *Becker, J.,* concurs; *Reynolds, P. J.,* concurs in part and dissents in part, as shown by his separate opinion.

REYNOLDS, P. J., (dissenting in part)—While I concur in so much of the opinion as holds that the judgment should be reversed and the cause remanded with directions to the circuit court to require defendant to give sufficient security for the payment of installments of maintenance to become payable in the future, and in approving the action of the court in refusing allowance for the expenditures for the witnesses as to the value of the real estate, and in refusing to allow the attorney a larger fee (although, personally, it seems to me the court could well have allowed the attorney a larger fee than it did), I cannot concur in that part of the opinion which holds that if the value of the services of the real estate agents who examined the property at the instance of appellant had been before the court, the court could and should have made an allowance in favor of appellant for these services. I do not think that the decision of the Kansas City Court of Appeals in Burnett v. Freeman, 125 Mo. App. 683, 103 S. W. 121, or that of the Supreme Court in State v. Bell, 212 Mo. 111, 111 S. W. 24, warrant this conclusion. On the contrary I think these two decisions are directly opposed to the view here taken by my learned associates. It is clear from those decisions that if the witnesses had claimed these as fees to be allowed them against the respondent, they would not have been allowed. To now allow them in favor of the appellant, as expenses incurred by her, seems to me but an indirect way of allowing

them to the witnesses. I find nothing ·in the ·statute which authorizes any such allowance, and, as I said above, I think the whole trend of the two decisions referred to is against it. For these reasons I do not concur in that part of the opinion.